UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TONY V. HAWKINS, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>J. DAVID DONAHUE and THOMAS )<br>D. HANLON, )<br>)<br>Respondents ) | CAUSE NO. 3:07-CV-072 RM |

OPINION AND ORDER

Tony V. Hawkins, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his criminal conviction in 56D03-0211-FA-2 in Newton County Superior Court. Mr. Hawkins states that he filed a state habeas corpus petition. His attachments to his petition indicate that his petition for post-conviction relief was filed in the Newton County Superior Court on February 14, 2005. Mr. Hawkins then states in his petition that it has taken the state public defenders' officer two years to even begin processing the petition for post-conviction relief, so he filed this petition for writ of habeas corpus. (docket #1, page 3).  This court may not review Mr. Hawkins' federal habeas corpus petition because he has not yet exhausted his remedies in state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B) (i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

As his petition states, Mr. Hawkins has a pending state petition which, if granted, could provide him relief. Though he is dissatisfied with the state trial court's delay in reviewing that petition, the facts presented are not sufficient to allege that the state process is ineffective. The whole of the state process is larger than just the state trial court.

> The [Indiana] Supreme Court shall have exclusive jurisdiction over . . . [s]upervision of the exercise of jurisdiction by other courts of the State of Indiana, including the issuance of writs of mandate and prohibition . . ..

IND. R. APP. P. 4(B).

Mr. Hawkins is not entitled to relief on this federal habeas corpus petition because has not yet obtained a ruling on the merits of his claims and afforded the Indiana Supreme Court the opportunity to review that ruling. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the habeas corpus petition is **DISMISSED WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 so that he may exhaust his state court remedies.

SO ORDERED on February  27 , 2007.

   /s/ Robert L. Miller, Jr.   
Chief Judge
United States District Court